Jacque ALLEN, et al., Plaintiffs,

v.

T. G. & Y. STORES CO., et al., Defendants.

No. CIV–85–2341–T.

United States District Court, W.D. Oklahoma.

Dec. 8, 1987.

Larry Barnett, Michael E. Warma, Oklahoma City, Okl., for plaintiffs.

George J. McCaffrey, Burton Johnson, Oklahoma City, Okl., Mark Flaherty, Kansas City, Mo., Kenneth J. Reilly, Boddington & Brown, Kansas City, Kan., Randall A. Breshears, Monnet, Hays, Bullis, Thompson & Edwards, Oklahoma City, Okl., Robert L. Huckaby, Huckaby, Fleming, Frailey, Chaffin & Darrah, Chickasha, Okl., for defendants.

## ORDER

RALPH G. THOMPSON, Chief Judge.

Before the Court is the motion for summary judgment filed May 18, 1987, by defendant James E. Frick, Inc. (Frick).

This case is one of several filed by employees of T. G. & Y. Stores, Co. (TG & Y) following an investigation of theft and illegal substance use at TG & Y's Oklahoma warehouses. Frick is a Missouri corporation which, on April 1, 1985, entered into a contract with TG & Y to process unemployment claims. Plaintiffs contend Frick is liable to them under various common law tort claims including defamation, fraud, and misrepresentation, all arising from Frick's filing of certain documents it received from TG & Y, with the Oklahoma Employment Security Commission (OESC) in protesting the unemployment claims filed by the terminated TG & Y employees. Plaintiffs also allege a civil RICO claim, 18 U.S.C. 1961, *et seq.*

Under the April 1, 1985, contract between Frick and TG & Y, Frick assumed responsibility for processing unemployment claims, and "establish[ing] a flow of information and unemployment compensation forms" to assure timeliness in filings with the OESC (Exhibit A to Frick's brief in support of motion for summary judgment).

In early May, 1985, TG & Y notified Frick that TG & Y had discharged numerous employees from its warehouses in Oklahoma. TG & Y told Frick that the discharged employees had been implicated in theft and/or other misconduct, and that those employees' unemployment claims were to be vigorously protested. Frick received a list of the discharged employees from TG & Y. Over the next few weeks, Frick submitted standard protest letters to the OESC whenever it received notice from the OESC that one of the listed employees had applied for unemployment compensation. Documentation from TG & Y in support of the protests was also forwarded, by Frick, to the OESC. Such documentation included statements signed by the claimants admitting theft of merchandise, drug or alcohol use, or other misconduct at TG & Y facilities. The statements had been obtained by TG & Y from the employees during employee interviews conducted at the conclusion of TG & Y's investigation, the week of April 29—May 3, 1985.

In its motion for summary judgment, Frick contends (1) its communications to the OESC were absolutely privileged under 40 O.S. § 4–511; (2) Frick did not need to be an attorney to represent TG & Y before the OESC, 40 O.S. § 2–302; (3) any cause of action for fraud or misrepresentation against Frick must fail because essential elements are missing; and (4) plaintiffs' RICO claim must fail because plaintiffs have not shown any acts of "racketeering activity," no "pattern" of racketeering activity, nor any "conspiracy."

Plaintiffs, in their response to Frick's motion for summary judgment, contend (1) Frick is not entitled to privilege under 40 O.S. § 4–511 because the privilege is limited to employers, former employers, and claimants; (2) Frick couldn't represent anyone before the OESC because Frick is not domesticated, i.e., not a "person or individual" under 40 O.S. § 2–302; (3) Frick participated in the unauthorized practice of law before the OESC; and (4) the RICO claim is sufficient because Frick participated in mail fraud and wire fraud, and Frick joined in TG & Y's alleged conspiracy to rob, kidnap, falsely imprison, and extort plaintiffs during TG & Y's interviews of its employees following the investigation of theft and illegal substance use, thus becoming a "co-conspirator" with TG & Y.

For the reasons that follow, Frick's motion for summary judgment is GRANTED.

■ Certain communications with the OESC are privileged and cannot provide the basis for libel or slander. 40 O.S. § 4–511. The statute provides, in relevant part:

All letters, reports, communications and other matters, written or oral from employer or former employer or claimant, to the Commission ... shall be absolutely privileged and shall not be the subject matter or basis for any suit for slander or libel in any court....

The only question is whether Frick was protected by the statute since Frick was not the "employer" or "former employer." Frick's communications to the OESC were made pursuant to the contract between Frick and TG & Y dated April 1, 1985 (Exhibit A to Frick's brief in support of motion for summary judgment), and the communications were made on behalf of TG & Y in accordance with the written acknowledgment from the OESC that Frick was authorized by TG & Y to represent TG & Y in OESC matters (Exhibit D to Frick's brief in support of motion for summary judgment). Frick, by virtue of the Power of Attorney executed by TG & Y (Exhibit D, *supra*) was TG & Y's attorney-in-fact in matters pertaining to unemployment compensation before the OESC. Accordingly, the Court finds that Frick was protected by the statute.

■ Under Oklahoma law the elements of fraud are (1) a material, false representation; (2) made with knowledge of falsity, or recklessly without any knowledge of its truth, and made as a positive assertion; (3) with intention that it be acted upon by the other party; (4) actual reliance by the other party; and (5) resulting injury. *FDIC v. Palermo*, 815 F.2d 1329 (10th Cir.1987). It is uncontroverted that Frick's "representations" were made only to the OESC, not to the plaintiffs, and that Frick never intended plaintiffs to rely upon or act upon the "representations." Frick was merely the conduit through which the documents flowed from TG & Y to the OESC.

Since essential elements to claims from fraud and misrepresentation are missing, plaintiffs' claims must fail.

To prevail on a civil RICO claim, plaintiffs must prove the following essential elements: (1) Frick violated the substantive RICO statute, 18 U.S.C. § 1962, commonly known as "criminal RICO"; (2) Frick, through commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity," (5) directly or indirectly invested in, maintained an interest in, or participated in (or conspired to invest in, maintain an interest in, or participate in) (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962(a)–(d). *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2nd Cir.1983).

■ Plaintiffs' response to Frick's motion for summary judgment on the RICO claims consists of generalities and conclusory statements. Something more is required to defeat a motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. at 322–323, 106 S.Ct. at 2552–2553. The non-moving party is required to designate specific facts showing that there is a genuine issue for trial. *Id.*

An example of the generalities and conclusory statements found in plaintiffs' brief follows:

During the course of discovery to this point, many Plaintiffs have testified regarding the confiscation of personal property by T.G. & Y. representatives from their personal residences, which was accomplished by threats of force or fear (robbery); the unlawful removal of the Plaintiffs from their normal workplace and their detention accomplished by force and threats (kidnapping and false imprisonment); and the utilization of threats of criminal prosecution, loss of

employment, physical abuse and public humiliation to obtain written statements (extortion). Further, substantial evidence has been adduced to establish the above mentioned tactics was (sic) utilized in Georgia, Louisiana, and Kansas prior to the aforementioned actions within the State of Oklahoma. Further, in addition to those offenses previously mentioned, the evidence is clear that Defendant Frick personally participated in violations of 18 U.S.C. Section 1341 (relating to mail fraud) and Section 1343 (relation to wire fraud).

. . . .

Further, it has been well established that a party may join an ongoing conspiracy during its progress and become criminally liable for all acts done in furtherance of the scheme.

(Plaintiffs' brief in opposition to the motion for summary judgment by Defendant James E. Frick, Inc., pages 19–20.) Plaintiffs have failed to designate specific facts showing that there is a genuine issue for trial with respect to their RICO claims.

█ Finally, plaintiffs' contentions that Frick is guilty of criminal conduct under 18 O.S. § 1.201(c) and that Frick is guilty of the unauthorized practice of law are not relevant to the motion before the Court.

## CONCLUSION

For the reasons stated above, the Court concludes that, as a matter of law, Defendant Frick's motion for summary judgment should be, and hereby is, GRANTED.

IT IS SO ORDERED.